UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 5-66

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

v.                                          **OPINION & ORDER**

BILLY ROLAND PHILLIPS,                                                             DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

On September 22, 2005, the Defendant, Billy Roland Phillips ("Phillips"), filed a Motion to Suppress (Rec. No. 10) certain evidence found in his truck. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the United States Magistrate Judge for consideration.

    **A.     The Magistrate Judge's Report and Recommendation.**

The Magistrate Judge conducted an evidentiary hearing on September 28, 2005 and a supplemental hearing on October 28, 2005 and filed a proposed report and recommendation on November 1, 2005. (Rec. No. 20). In summary, the Magistrate Judge found that Phillips went to a Wal-Mart in Manchester, Kentucky and became angry that the candy he wanted was not available. A store manager called police and reported that Phillips had been "confrontational," appeared intoxicated and was driving away in a white Dodge pick-up truck. The Clay County Dispatch sent out a radio alert to be on the lookout for a white Dodge pick-up truck with an intoxicated driver.

Vehicle Enforcement Officer Mike Taylor heard the radio dispatch, saw the pick-up truck described and followed it for about ½ mile. Officer Taylor said he saw the truck run part-way off the road on the right side and observed that the truck's right tail light was not operating. He signaled for the truck to pull over. When Officer Taylor approached the driver's side of the truck, he saw an open can of beer and smelled a strong odor of alcohol coming from Phillips. Officer Taylor asked

Phillips to get out of the truck and he administered a portable breathalyzer test ("PBT"). The test showed that Phillips' blood alcohol level was twice the legal limit. A second officer, Officer Landry Collett, arrived at the scene. Phillips told the officers he had drunk five beers. Officer Collett arrested him for driving under the influence.

Officer Taylor searched inside the truck and found several firearms behind the passenger seat. He also found another firearm inside a closed briefcase on the passenger seat. Officer Taylor later learned that Phillips was a convicted felon and, thus, likely prohibited from possessing firearms. The ATF was contacted and the truck was towed to the impound lot for the Manchester Police Department. The next morning, an ATF agent searched the truck pursuant to a search warrant and found the firearms. The Defendant is charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).

The Magistrate Judge concluded that Officer Taylor reasonably stopped Phillips to advise him that one right tail light was not working because the stop occurred three minutes before sunset and Kentucky law requires vehicles to use tail lights ½ hour after sunset. KRS § 189.030. The Magistrate Judge also concluded that Officer Taylor had reasonable suspicion to stop the truck because the officer had heard the radio dispatch advising of a white Dodge pickup truck with an intoxicated driver and saw the truck run "part-way" off the road. Thus, Officer Taylor reasonably suspected that Phillips was driving while intoxicated.

The Magistrate Judge concluded that, after having legally stopped Phillips, the officers were justified in investigating further through a PBT because they observed a can of beer in the truck and smelled alcohol. After conducting the PBT, the officers had probable cause to arrest Phillips for DUI. The Magistrate Judge further concluded that, having legally arrested Phillips, the officers were

permitted to search the passenger area of the car including the briefcase.

### B. Phillips' Objections.

Phillips objects to the Magistrate Judge's finding that the radio dispatcher informed Officer Taylor that the driver of the white Dodge pickup truck was intoxicated. He points to the 911 communication log which he states does not mention that the driver was intoxicated and to Officer Taylor's testimony on cross examination at the suppression hearing in which, according to Phillips, Officer Taylor stated that he may not have heard that the driver was intoxicated until after the stop when Manchester Police Officer Todd Roberts told him. Phillip also objects to the Magistrate Judge's finding that Officer Taylor observed the white truck run off the road. He points to a video which he states shows that the truck could not have run off the road without hitting the culvert or a tree. Finally, Philips argues that the Magistrate Judge did not address the effect of the Clay District Court's suppression of the evidence seized from Phillips' truck. Phillips argues that pursuant to 28 U.S.C. § 1738, this Court must give full faith and credit to the state court's determination and grant his Motion to Suppress.

### C. Court's Findings of Facts and Conclusions of Law.

This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Having considered the defendant's objections and having made a *de novo* determination, for the following reasons, the Court hereby adopts the Magistrate Judge's proposed findings of fact and conclusions of law.

### 1) Findings Regarding the Stop.

The Court has reviewed the transcript of the evidentiary hearing on the Motion to Suppress.

Officer Taylor did not testify on cross examination that he may not have heard the truck driver was intoxicated until he spoke with Officer Roberts after the stop. On direct examination, Officer Taylor testified that Officer Roberts informed him after the arrest that Phillips was a convicted felon. (Rec. No. 24, Tr. at 16). On direct examination, however, Officer Taylor also testified that, prior to the stop, he was advised that the Wal-Mart manager had stated that the truck driver was intoxicated. (Rec. No. 24, Tr. at 5).

While the 911 communications log may not state that the driver was intoxicated, the log is not a verbatim transcript of the radio broadcast and, thus, does not contradict Officer Taylor's testimony. The Court has no basis for finding that Officer Taylor's testimony was incorrect or untruthful. Accordingly, the Court finds, consistent with Officer Taylor's uncontradicted testimony, that Officer Taylor was informed prior to the stop of a complaint that the driver of the white pick-up truck was intoxicated.

As to Officer Taylor's testimony that he observed the truck "run off the right side of the roadway" and that "approximately half the vehicle left the roadway," (Rec. No. 24, Tr. at 6) Phillips argues that this testimony is contradicted by a video he tendered at the supplemental hearing of this matter. At the hearing, Phillips represented that the video was "of the 7/10s of a mile before the truck was stopped." (Rec. No. 25, Tr. at 7). The United States objected to the videotape stating that it had not been authenticated by any witness. No witness had testified that it was a tape of the same portion of the road where Officer Taylor followed Phillips. In fact, no witness had been asked about the tape at all.

The Magistrate Judge tentatively allowed the video into evidence but stated that, if it should not be considered for evidentiary reasons, the Magistrate Judge would not consider it. In his Report

4

and Recommendation, the Magistrate Judge ultimately concluded that Officer Taylor did observe some erratic motion by the truck.

This Court finds that the video was not properly authenticated under Fed. R. Evid. 901 and should not, therefore, be considered in determining whether Officer Taylor actually observed the truck swerve off the road. Accordingly, the Court further finds that, consistent with Officer Taylor's uncontradicted testimony, Officer Taylor did observe some erratic motion by the truck.

Furthermore, even assuming that Officer Taylor did not actually observe the truck swerve off the road, Officer Taylor had reasonable suspicion to stop Phillips upon being informed that the driver of a truck matching the description of Phillips' truck was intoxicated. Because the stop was legal, for all the reasons articulated by the Magistrate Judge, the firearms were properly seized.

**2)    Findings Regarding the Effect of the State Court Suppression.**

28 U.S.C. § 1738 provides that any state legislative acts and the records and judicial proceedings of any state court, "shall have the same full faith and credit in every court within the United States. . . as they have by law or usage in the" state courts from which they are taken.

In an unpublished opinion, when faced with the argument that 28 U.S.C. § 1738 requires a federal court to adopt a state court's decision to suppress evidence, the Sixth Circuit stated that, "collateral estoppel does not preclude the United States from using evidence in a federal prosecution that was suppressed in the state court prosecution." *United States v. Wolfe, Sr.*, 234 F.3d 1271, 2000 WL 1562833 at *4 n. 5 (Oct. 11, 2000). As support, the Sixth Circuit cited to *United States v. Davis*, 906 F.2d 829 (2nd Cir. 1990) and *United States v. McManus*, 719 F.2d 1395 (6th Cir. 1983).

In *Davis*, the Second Circuit explained that, under the well-established principle of "dual sovereignty," a "federal prosecution does not bar a subsequent state prosecution of the same person

5

for the same acts, and a state prosecution does not bar a federal one." 906 F.2d at 832. The Court further explained that the doctrine is based on the basic structure of our polity pursuant to which:

> The states and the national government are distinct political communities, drawing their separate sovereign power from different sources. . . .Each has the power, inherent in any sovereign independently to determine what shall be an offense against its authority and to punish such offenses. When a single act violates the laws of two sovereigns, the wrongdoer has committed two distinct offenses. . . .
> . . . .
> For analogous reasons, the suppression of evidence in a state prosecution normally does not prevent the United States from using that evidence in a federal proceeding. Since the United States was not a party to the state action, was not present during the suppression hearing, and had no way of making its views on the issue known to the state judge, it cannot be fairly considered to have had its day in court. Because the two prosecutions are independent one sovereign should not be bound by the evidence or the strategy of the other. Accordingly, it has long been the rule in this Circuit that collateral estoppel never bars the United States form using evidence previously suppressed in a state proceeding in which the United States was not a party.

> *Id.* (quotations and citations omitted)

In *McManus*, the Sixth Circuit stated that state court decisions regarding the validity of a search warrant are not controlling where a federal court is faced with a motion to suppress evidence. This is because, "it is clear that a search warrant being challenged in a federal court must be judged by federal constitutional standards. The federal district court was thus required to make an independent determination of validity." 719 F.2d at 1397 (citing *Elkins v. United States*, 364 U.S. 206 (1960)). *See also*, *Tinsley v. United States*, 1997 WL 63156, 107 F.3d 871 at *7 (6th Cir. 1997)(stating that, pursuant to *Elkins*, the district court properly made an independent determination of the admissibility of evidence suppressed in state court); *United States v. Dominguez*, 359 F.3d 839, 846 (6th Cir. 2004)(stating that, because the United States was not party or privy to the state court proceedings in which evidence against the defendant was suppressed, the United States is not

6

estopped from litigating the admissibility of the evidence).

In *United States v. Lloyd*, 10 F.3d 1197 (6th Cir. 1993), the Sixth Circuit noted the "total lack of merit" to the defendants' argument that a state court decision granting a motion to suppress evidence should have been given preclusive effect in the federal proceedings. *Id*. at 1209. "A prior adverse suppression decision in a state court simply does not preclude the federal government, which was not a party to the state action, from using the evidence in a federal proceeding." *Id*. Thus, the Clay District Court decision suppressing the guns seized from Phillips' truck is not controlling in this matter. Instead, this Court must, as it has done, make an independent determination of the admissibility of the evidence in this federal proceeding.

Accordingly, the Court HEREBY ORDERS that Phillips' Motion to Suppress is DENIED (Rec. No.10).

This the 25th day of January, 2006.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**